(64 App. Div. 262.)

## MAHON v. MAHON.

(Supreme Court, Appellate Division, Second Department. October 4, 1901.)

APPEAL—DISMISSAL—DEFAULT JUDGMENT—COSTS.

On appeal, the court having ordered that a motion to dismiss should be granted unless appellant complied with certain conditions, the appellant decided not to prosecute such appeal. Respondent, however, had the case placed on the calendar, and thereafter entered judgment for affirmance on default, taxing a full bill of costs. *Held*, that appellant was not liable for the costs after the order was entered.

Appeal from trial term.

Action by Rebecca L. F. Mahon against William A. Mahon. From a judgment in favor of defendant, plaintiff appealed. Judgment was affirmed by default. Motion to dismiss the appeal granted.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

M. Charles Foley, for appellant.
Hughes & Heistad, for respondent.

PER CURIAM. The motion to dismiss the appeal, on the ground that the appellant had failed to serve the proposed case, was granted by this court by an order made May 27, 1901, the material part of which is as follows:

"It is hereby ordered that the motion to dismiss said appeal be, and the same is hereby, granted, unless the said appellant shall file and serve her printed case on appeal herein, and cause the said appeal to be placed at the foot of the calendar for the May term of this court for argument."

It appears that the appellant determined thereafter not to prosecute the appeal, and therefore failed to make a case, or place the appeal on the calendar. Nevertheless, the attorneys for the respondent had the case placed on the calendar at the foot, and when it was reached entered judgment for affirmance upon default, taxing a full bill of costs, amounting to $62.25. 71 N. Y. Supp. 1141. The contention upon this motion is that this action of the respondent was improper, inasmuch as the order of May 27, 1901, practically operated as a dismissal of the appeal, without any further action of this court, in the event of the appellant's failure to comply with the conditions specified therein; that is to say, the service of the case and the placing of the appeal upon the calendar.

We think this view is correct. The appellant was entitled to abandon the appeal if she saw fit, and suffer the costs of the dismissal, which this court had ordered; but there is no good reason why she should be mulcted further in costs by the entry of an unnecessary judgment.

The motion to vacate the judgment should be granted, without costs, and, to remove all possible doubt as to the status of the case, the order should provide that the appeal be, and the same is hereby, finally dismissed, with $10 costs.